[Civ. No. 11991.   Third Dist.   August 5, 1968.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF SHASTA COUNTY, Respondent; FRANK. A. SIMMONS, Real Party in Interest.

Robert W. Baker, District Attorney, for Petitioner.

No appearance for Respondent.

Jere E. Hurley, Jr., for Real Party in Interest.

BRAY, J.*—Petitioner, District Attorney of Shasta County, seeks writs of prohibition and mandate against the Shasta County Superior Court to stay the enforcement of, and to annul, its order remanding the cause to the judge of the Justice Court of the Ono Judicial District, Shasta County.

### QUESTION PRESENTED

The preliminary examination under the circumstances hereof may not be used for discovery.

### RECORD

A complaint was filed in the Justice Court of Ono Judicial District, Shasta County, charging Frank A. Simmons, real party in interest (hereinafter referred to as defendant) with one count of burglary and one count of grand theft. At the preliminaary examination of defendant the judge of said justice court held defendant to answer both counts. Thereafter, an information charging defendant with both offenses was

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

filed in the Shasta County Superior Court. Defendant in the superior court moved under Penal Code section 995 to dismiss the information on the ground that defendant had not been legally committed by the committing magistrate, in that defendant had been denied substantial rights and due process in the preliminary proceeding.

The superior court, after hearing the motion to dismiss, on May 20, 1968, ordered "that this matter be remanded to the Judge of the Justice Court of the Ono Judicial District with instructions to resume the preliminary hearing at the point of interruption at line 8 on page 49 of the transcript and to allow evidence regarding statements made by the defendant on subsequent occasions that might be inconsistent with the statement on page 46, lines 22 through 24."

Thereafter, petitioner filed in this court "Petition for Writ of Prohibition and Mandate for Appellate Review of Order Resubmitting Case to Magistrate." This court issued an order to show cause, in pertinent part, as to "why the motion to dismiss the information filed by Frank Simmons pursuant to Penal Code Section 995 . . . should not have been granted upon the ground that . . . the commitment is unlawful in that defendant had been denied a substantial right. (*Jennings* v. *Superior Court* (1967) 66 Cal.2d 867 at p. 874 [59 Cal. Rptr. 440, 428 P.2d 304] to wit: the right to question the witness Deputy Sheriff Porter on cross-examination on an issue relevant to the defense whether the gun adverted to on direct examination by said witness was or was not the property of defendant. . . ."

Defendant filed an "Answer to Petition and Cross-Petition for Writ of Mandate for Appellate Review of Order" in which defendant prays for a writ of mandate directing the superior court "to broaden its order to the Justice Court . . . instructing it to allow defendant to elicit all testimony or evidence which might tend to overcome the prosecution's case or to establish a defense or which is otherwise material and relevant to the charges set forth in the complaint."

### DISCOVERY NOT PROPER

As will hereinafter appear, although the prayer of defendant's petition is couched in the language of *Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, 880 [59 Cal.Rptr. 440, 428 P.2d 304], defendant's memorandum in support of petition and his statement to the court at oral argument disclose that defendant is seeking a writ of mandate to order the superior court to order the justice court to continue the preliminary

examination and to allow defendant to use that examination for purposes of discovery.

To understand defendant's contention it is necessary to detail, in pertinent part, the proceedings at the preliminary examination. Charles C. Lovely testified that sometime between 10:30 a.m. and 3 p.m., on May 2, 1968, his trailer was entered and his two guns stolen. One was a Model "P" Walther, 765 caliber, the other a .22 AG Western German make. (The charge of grand theft is based on the stealing of the Walther.) Defendant had been at Lovely's trailer and had seen the Walther. (Lovely later had identified the gun at the sheriff's office.) In court Lovely identified the Walther as the one stolen.

Dorothy Davis, a prosecution witness, was a friend of defendant. She testified that on May 2 defendant had been in and out of her home all day. About 9 o'clock in the evening an argument ensued between her and defendant, during which he exhibited a revolver. Van Montgomery was there and called the police. Thereupon, defendant put the gun under the cushion of Mrs. Davis' chair. Two deputy sheriffs arrived, she showed the gun to Deputy Porter and the other deputy took it away.

Deputy Sheriff Porter testified that Mrs. Davis showed him the pistol which was under the cushion on a chair, and the other deputy picked it up and handed it to Porter who kept it until the trial. He identified the Walther as being the pistol obtained at the Davis home. On direct examination Porter was asked no questions other than concerning his obtaining the pistol at the Davis home and his retaining its possession.

On cross-examination defense counsel asked Porter what was said when he and Deputy Pope contacted defendant a little after midnight. Porter said they showed defendant the gun and Deputy Pope asked defendant if the gun was his. Defendant then stated it was not his gun, it belonged to Van Montgomery. Counsel then asked Porter if they contacted Montgomery, and upon being informed that they did, asked Porter what was said. Porter testified that they asked Montgomery if the gun was his and he replied that it was not, it belonged to defendant.

Defense counsel then asked Porter about his taking statements from certain people and also brought out that Porter had contacted defendant at Jones Valley after Porter learned that the gun had been reported stolen. Counsel then inquired as to whether Porter had talked to defendant about anything

relative to the case. Porter replied, "Oh, he just told me the gun was his." Porter was then asked how he happened to be at Jones Valley and where he was in that valley. Thereupon, the district attorney objected "to this line of questioning" on the grounds that admissions of a defendant were only admissible *against* the defendant, that self-serving statements were not admissible, and that the examination was not proper cross-examination.

Argument between counsel followed, the question was reread at defense counsel's request, and the prosecutor stated that his objection was not to that specific question. Defense counsel stated he would like to start all over again, and if the prosecutor had rested would call the deputy as a defense witness. The prosecutor then rested his case after defense counsel stated that he had finished the cross-examination.

Thereupon, defense counsel indicated he would call Porter as a defense witness and ask: "[A]t anytime did you take any oral statement from the defendant?" Considerable discussion followed between counsel, the prosecutor contending that admissions were not admissible for the defendant but only against him. Defense counsel made clear his position that a preliminary hearing in California "is in part a discovery proceeding, so the defendant may discover what evidence is against him." Defense counsel suggested that the judge rule on the objection so the proceeding might be terminated and the defendant might test the situation on a writ. The judge sustained the objection. The record is not clear as to whether the objection was to any particular question. Apparently, although the deputy had without objection testified to oral statements made to him by defendant, the court was ruling that where no statements of defendant were introduced by the prosecution, defendant could not turn the preliminary examination into a discovery proceeding to obtain favorable oral statements made by the defendant, if any.

### DISCOVERY

In *Jennings* v. *Superior Court, supra,* 66 Cal.2d 867, 880, the court quoted from *People* v. *Elliot* (1960) 54 Cal.2d 498, 504 [6 Cal.Rptr. 753, 354 P.2d 225], " 'The preliminary examination is not merely a pretrial hearing. "The purpose of the preliminary hearing is to weed out groundless or unsupported charges of grave offenses and to relieve the accused of the degradation and expense of a criminal trial. . . ." . . .' " The court then said (p. 880), "To effectuate this constitutional and statutory purpose the defendant must be per-

mitted, if he chooses, to elicit testimony or introduce evidence tending to overcome the prosecution's case or establish an affirmative defense.''

■ Prior to trial a defendant is entitled to obtain written statements made by him to police officers (*Powell* v. *Superior Court*, 48 Cal.2d 704, 707-708 [312 P.2d 698]), also tape recordings of his statements to them (*Vance* v. *Superior Court*, 51 Cal.2d 92, 93 [330 P.2d 773].) Obviously, the same rule aplies to oral statements made to the police. On request, it is the duty of the law enforcement officers to make such statements available to defendant. We cannot assume that they would not do so.[1] There is no reason, however, to turn a preliminary examination into a discovery proceeding where the defendant neither shows that he asked for statements made by him nor was refused them.

■ Defendant does not contend that the oral statements made by him to the police are such as would ''overcome the prosecution's case'' as presented at the preliminary examination nor ''establish an affirmative defense.'' He merely contends that as he is entitled to such statements he is entitled to get them at the preliminary examination, although they were not an issue there and were not admissible as evidence there.

In *Mitchell* v. *Superior Court* (1958) 50 Cal.2d 827 [330 P.2d 48], cited in *Jennings, supra,* a proceeding to restrain the superior court from further proceedings on certain informations filed after a preliminary hearing, at which the committing magistrate sustained objections to the defendants' request for the names of informers who participated in the arrest of the defendants, the Supreme Court held that it was error to deny disclosure of the names of the informers. However, pointing out that ''Prohibition does not lie to review rulings of the magistrate on the admissibility of evidence at the preliminary hearing unless the commitment is based entirely on incompetent evidence'' (p. 829); that ''It does not appear that disclosure of the names of the informers was demanded to enable defendants to discredit the prosecution's evidence at the preliminary hearing or that they wished to use the informers as witnesses at that hearing'' (p. 830); that ''The value to defendants of disclosure is that it might enable them to obtain information useful in their defense at the

---

[1]Petitioner's brief states that defendant's attorney had been given police reports concerning the burglary and reports concerning the disturbance at the Davis residence which contained the conflicting oral statements given to Porter by defendant.

trial'' (p. 830); and that "It cannot be presumed that the superior court will erroneously deny disclosure at the trial or fail to grant a continuance if it is necessary to enable defendants to locate and interview the informers in the preparation of their defense'' (p. 830). The court then stated (p. 830): "Since there was competent evidence to justify committing defendants and disclosure of the names of the informers can be obtained at the trial, defendants were not prejudiced by the error or deprived of a substantial right.''

In *Tupper* v. *Superior Court* (1958) 51 Cal.2d 263 [331 P.2d 977], the committing magistrate denied the demand of the defendant that written statements given a deputy sheriff by two juvenile witnesses be shown him. The Supreme Court held that the denial was error, but as there was substantial evidence to support the magistrate's finding that there was probable cause to believe defendant guilty of the offense charged, and as it would not be presumed that the superior court would deny the defendant the opportunity at the time of trial to see the witnesses' statements, the reviewing court refused to set aside the information.

So, in our case, assuming, although not deciding, that the magistrate erred in not permitting defendant to indulge in a "fishing expedition,'' inasmuch as the information sought would not "tend to overcome the prosecution's case or to establish a defense'' at the preliminary hearing and would have been available to defendant before trial, defendant was not prejudiced by the alleged error nor deprived of a substantial right.

As before stated, defendant's cross-petition seeks to require the justice court to continue with the preliminary hearing and to broaden its scope into a general discovery proceeding. Even if a preliminary examination could be turned into a discovery proceeding, such a blanket request without any specificity would have to be denied. ■ "A defendant's motion for discovery must nevertheless describe the requested information with at least some degree of specificity and must be sustained by plausible justification.'' (*Ballard* v. *Superior Court* (1966) 64 Cal.2d 159, 167 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416].)

For the reason that the committing magistrate did not err in refusing to turn the preliminary hearing into the type of discovery proceeding requested by defendant, it is ordered that a writ of mandate issue ordering the superior court (1) to annul its order of May 20, 1968, remanding the cause to the

justice court for further proceedings, (2) to deny the motion under Penal Code section 995 to dismiss the information, and (3) to require defendant, the real party in interest, to demur or plead to the information.

Pierce, P. J. and Friedman, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied October 30, 1968. Peters, J., was of the opinion that the petition should be granted.