[Civ. No. 14742. Fourth Dist., Div. One. Feb. 25, 1976.]

DEREK A. McDANIEL et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Savitz & Welles, Richard E. Savitz, McInerney, Milchen & Frank and Robert E. May for Petitioners.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman and Henry R. Mann, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**COLOGNE, J.**—Defendants Derek A. McDaniel and Michael James Eubanks petition for a writ of prohibition (Pen. Code, § 999a) following denial of their motions to set aside an information. Defendants concede there is ample evidence to bind them over on the charge they committed an attempted robbery while armed with a dangerous weapon and did use a firearm (Pen. Code, §§ 664, 211 and 12022.5). Their contention is they were unduly restricted in their examination of a witness at their preliminary examination (*Jennings* v. *Superior Court*, 66 Cal.2d 867 [59 Cal.Rptr. 440, 428 P.2d 304]). We agree.

We need not detail the evidence showing defendants' robbery of a patron in a massage parlor was interrupted by two police officers (one of whom was retired) who, while passing the parlor, saw what was happening and intervened.

Officer Carlson, the active member of the pair who witnessed the robbery attempt, was designated by the prosecution as the investigative officer when the defense moved to exclude witnesses at defendants' preliminary hearing. The People did not call Officer Carlson to the stand, however.

After the People rested, the defense called Carlson as a witness. The People objected to questions concerning what Carlson had seen, done and heard on the ground defendants were merely seeking discovery and were not attempting to establish an affirmative defense. While early in the examination some objections were overruled, the court later restricted questioning and finally cut off the examination on the ground the defense was not entitled to discovery at the preliminary examination.

■ *Jennings* v. *Superior Court, supra*, 66 Cal.2d 867, 880 holds a defendant at a preliminary hearing must be permitted, if he chooses, to elicit testimony or introduce evidence tending to overcome the prosecution's case or establish an affirmative defense. It is not a valid objection that examination of a witness may lead to the discovery of what the facts were. That is the very purpose of examining a witness. If the questioning is not otherwise objectionable, the court should allow reasonable latitude in the defense questioning of an eyewitness at the preliminary hearing.

The People cite *People* v. *Superior Court (Simmons)*, 264 Cal.App.2d 694 [70 Cal.Rptr. 480] for the proposition a limitation by a magistrate on cross-examination which was designed to obtain discovery does not deprive a defendant of a substantial right. The *Simmons* case, however, involved inquiry at the preliminary hearing into matters which were otherwise obtainable by pretrial discovery procedures. The People do not suggest how Carlson's testimony of what transpired in this case would be otherwise obtainable before trial.

Subject to the court's inherent power to exercise control over the presentation of evidence and to the rules governing admissibility of evidence, *Jennings* compels the court to allow the defense to present a case and examine witnesses at a preliminary hearing. We find defendants' attempt to do so in this case was unduly restricted upon the invalid ground it would lead to discovery. Carlson was an eyewitness and the designated investigative officer. Unduly restricting defense examination of him deprived defendants of a substantial right.

Let a peremptory writ of prohibition issue restraining the trial court from conducting further proceedings pursuant to the present information.

Brown (Gerald), P. J., and Ault, J., concurred.