[Crim. No. 18213. First Dist., Div. One. Mar. 25, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY McGOWAN, Defendant and Appellant.

COUNSEL

Roderick P. Bushnell, under appointment by the Court of Appeal, and Bushnell, Caplan & Fielding for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Herbert F. Wilkinson and Douglas Garibaldi, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**NEWSOM, J.**—The appellant McGowan's appeal is from a judgment entered upon jury verdicts finding him guilty of robbery and assault with intent to commit rape. He makes no challenge to the substantiality of the evidence of his guilt, which is indeed overwhelming. A very brief recapitulation of the factual background will accordingly suffice. Other factual matters subsequent to the commission of the offenses will be discussed as they become pertinent to the legal issues tendered on appeal.

On November 25, 1977, Ms. D., a young black woman and mother of a year old son, attended a movie at 12th and Broadway Streets in Oakland. After leaving the theatre she returned to the hotel where she resided, and there briefly encountered and spoke with a man she later identified as Anthony McGowan. Following this conversation Ms. D., finding the hotel lobby telephones occupied, walked down the street to a telephone booth. As she dialed her call, she was assaulted by appellant, who, threatening to kill her, dragged her across the street to a closed gas station. There, while repeatedly threatening to kill her, appellant robbed and manhandled Ms. D., then ordered her to accede to an act of sexual intercourse. Appellant was interrupted, however, when a car drove into the station, and he fled. After a local search initiated by a friend of Ms. D's mother, who also resided at the hotel, appellant was trapped and arrested in a nearby building.

On November 28, in the Oakland jail, appellant, after receiving a *Miranda* warning, denied his guilt, or any knowledge whatsoever of the subject crimes. On November 30, the same officer who conducted the

interrogation of the 28th received a call that appellant had requested another interview. At that time, appellant, a Marine, volunteered the statement that his commanding officer had advised him to "tell the truth and say it like it is," and he therefore wished to acknowledge that on November 27 he had in fact been with Ms. D., an old friend from high school, but denied either robbing or assaulting her.

Refusing a further proffered admonition, appellant then stated he declined to elaborate on the matter.

■ Appellant's first contention is that the trial court's refusal to exclude his November 30 admissions was reversible error. Such admissions, we note, were of course contradictory of or at least inconsistent with the written categorical denial given on November 28.

The motion for exclusion was based principally upon the argument that the production of the admissions of November 30 violated a pretrial discovery order. The prosecutor, we observe, conceded he had initially failed to produce the statement because, at the time he was asked for "all police reports and statements;" he did not know of the November 30 admissions. Later, when he learned of them, after conversing with the interrogating officer, he also learned that a document containing such admissions had been in his file all of the time.

His ignorance of the existence of such document is unchallenged, and negligence, therefore, or inadvertence, rather than deceit, was the cause of his failure to produce—as defense counsel conceded.

After a hearing outside the presence of the jury, the court denied the motion to exclude—even though, in voir dire, defendant's counsel had alluded to a defense which depended upon and incorporated a complete denial by appellant of his presence at the crime scene. Severe prejudice is claimed in admission of a statement which thus undercut the basis of appellant's defense. Allusion to the voir dire question, we further note, was in fact made by the prosecutor in closing argument.

■ It is a well fixed rule that under our discovery procedures a defendant may compel the prosecution to produce written statements such as the one in issue here. (*People v. Campbell* (1972) 27 Cal.App.3d 849, 855 [104 Cal.Rptr. 118]; *People v. Superior Court* (1968) 264 Cal.App.2d 694, 699 [70 Cal.Rptr. 480].) As the court in *People v.*

*Campbell, supra,* said: "[W]henever any oral statement has been made by a defendant and the fact is known to the prosecution, such statement is the proper subject of discovery, whether formal or informal procedures are used. To hold otherwise would have the additional undesirable effect of encouraging the police to purposely fail to record defendants' statements or to include any reference to them in their records and could result in less reliable police testimony." (27 Cal.App.3d at p. 858.)

However, as held by our Supreme Court in a factually similar context, failure to disclose should not be punished by suppression of the evidence, but by giving the offended party a proper opportunity to meet the new evidence. (*People* v. *Reyes* (1974) 12 Cal.3d 486 [116 Cal. Rptr. 217, 526 P.2d 225]; cf. *People* v. *McRae* (1967) 256 Cal.App.2d 95 [63 Cal.Rptr. 854].)

■ Applying this rule to the case at bar, we note that appellant's counsel was given ample opportunity to cross-examine the officer who took appellant's statement of November 30; that disclosure came early in the trial; and that the defense was given additional time to deal with the "new evidence."[1]

Consequently, even if were we to conclude that admission of the statement was error, we find no prejudice. And, in light of the overwhelming evidence of appellant's guilt—his flight, the circumstances of his apprehension, and his clear identification by the victim—it is not reasonably probable that a result more favorable to appellant would have been reached if the statement had been excluded. (*People* v. *Watson* (1956) 46 Cal.2d 818 [299 P.2d 243].)

■ Next, appellant claims misconduct arising from the prosecutor's allusion, in closing argument, to defense counsel's voir dire of prospective jurors on the subject of "observation" and "perception." As appellant phrases it, "[H]e mentioned that I voir dired the jury on the issues of observation, perception. And he went on to say that I was bringing up an identification case and then argued that to the jury when it was clear from all of our discussions before that his failure to

---

[1]Appellant claims prejudice on the theory that his unawareness of the November 30 statement caused him to voir dire the jury as if identification were the primary defense, when in fact he was required ultimately to present the defense of consent. We find no prejudice, however, because, as the trial court noted, a case is not tried upon voir dire, and appellant was given an adequate opportunity at trial to regroup.

comply with discovery caused that. [¶] And I think that was misconduct and I would ask the record to note that."

It is the rule in California that prosecutorial misconduct may not be raised for the first time on appeal. The record before us discloses that neither objection nor timely request for jury admonition were made at trial. Absent such objection and request, unless the case be closely balanced and the misconduct obviously prejudicial, the matter is not properly before us. (Cf. *People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 723 [135 Cal.Rptr. 392, 557 P.2d 976]; *People v. Beivelman* (1968) 70 Cal.2d 60, 75 [73 Cal.Rptr. 521, 447 P.2d 913].)

As already observed, we do not view the instant case as a close one, and cannot say it is reasonably probable that, but for the offending statement, a result more favorable to appellant would have ensued. (*People v. Bolton* (1979) 23 Cal.3d 208, 214 [152 Cal.Rptr. 141, 589 P.2d 396]; *People v. Watson, supra*, 46 Cal.2d 818.)

■ Appellant next contends that the statements of November 28 and 30 were obtained in violation of his right to counsel inasmuch as it was improper for Officer Kivett to have spoken with him, even after giving him his *Miranda* warnings, without first contacting his counsel (see *Massiah v. United States* (1964) 377 U.S. 201 [12 L.Ed.2d 246, 84 S.Ct. 1199]; *People v. Duck Wong* (1976) 18 Cal.3d 178 [133 Cal. Rptr. 511, 555 P.2d 297]; *People v. Isby* (1968) 267 Cal.App.2d 484 [73 Cal.Rptr. 294]). As earlier mentioned, the November 28 statement was taken by Officer Kivett in the Oakland jail, following a *Miranda* warning, and was signed by appellant. On November 30, after requesting a meeting with Kivett, appellant expressly declined to hear further *Miranda* warnings, saying "you have done that already and that isn't necessary," and proceeded to make the damaging admission that, after, all, he had been at the scene of the crime, contrary to his earlier statement.

The Sixth Amendment right to counsel attaches only at or after the time that charges are filed against a defendant (*People v. Duck Wong, supra*, 18 Cal.3d at pp. 186-187). The complaint here was signed and filed on November 28,[2] but nothing in the record establishes whether

---

[2]We are assuming that the time of the filing of the complaint, and not the subsequent information, governs.

this occurred prior to the taking of the statement, and/or prior to the appointment of counsel for appellant. Thus, no violation of the *Isby* rule has been shown, but even assuming a violation arguendo, we find no prejudice—the statement was neither a confession nor an admission. In it appellant denied any participation whatsoever in the charged offenses. Thus, even if error were present—and we find none—certainly it did not contribute to the jury's finding of guilt.

Respecting the November 30 statement, we find it to be voluntary, and thus not subject to the rule of *People v. Isby, supra,* 267 Cal.App. 2d 484 and *Massiah v. United States, supra,* 377 U.S. 201. (*People v. Duck Wong, supra,* 18 Cal.3d 178, 186; *Griffin v. Superior Court* (1972) 26 Cal.App.3d 672, 701 [103 Cal.Rptr. 379].) No error was present in admitting the statement into evidence.

Appellant's corollary argument that the statement of the 30th was taken in violation of his *Miranda* rights is patently meritless, both because it was volunteered (*People v. Brockman* (1969) 2 Cal.App.3d 1002, 1007 [83 Cal.Rptr. 70]), and because he had been given prior *Miranda* warnings which were sufficiently contemporaneous with the giving of his statement. (Cf. *People v. Johnson* (1973) 32 Cal.App.3d 988, 997 [109 Cal.Rptr. 118]; *People v. Brockman, supra,* 2 Cal.App. 3d at p. 1010.) Nothing in *People v. Matthews* (1968) 264 Cal.App.2d 557 [70 Cal.Rptr. 756]—cited by appellant—compels a contrary conclusion since the defect there involved an initially inadequate *Miranda* warning.

■ Appellant's final contention concerns alleged error in sentencing. The gist of his claim is that the trial judge attempted to force him to accept a negotiated plea offered by the prosecution, then acted punitively in sentencing him to state prison because he had refused the negotiated plea. (Cf. *In re Lewallen* (1979) 23 Cal.3d 274 [152 Cal. Rptr. 528, 590 P.2d 383].)

Appellant's reliance on *Lewallen* is misplaced, for the trial judge's pretrial comments do not suggest the notion of "reprisal" for refusal to accept the plea bargain, but a (well-founded) concern for appellant's welfare in the event of conviction. And the record clearly shows the judge's admonition that, if innocent, appellant should proceed to trial.

He did and received middle term concurrent sentences which do not seem overly severe in view of the brutal nature of his acts.

Affirmed.

Racanelli, P. J., and Grodin, J., concurred.