[No. AO18855. First Dist., Div. Three. May 4, 1983.]

THE PEOPLE, Plaintiff and Appellant, v.
LLOYD ALLEN JORDAN, Defendant and Respondent.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Herbert F. Wilkinson and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Appellant.

Thomas L. Gill and Favaro, Lavezzo, Gill, Caretti & Heppell for Defendant and Respondent.

OPINION

WHITE, P. J.—On February 24, 1982, a complaint was filed in the Municipal Court for the Northern Solano Judicial District charging defendant and respondent Lloyd Allen Jordan with a violation of Penal Code sections 261.5 (statutory rape), 288a, subdivision (b)(2) (oral copulation with a person under 16 years of age), and 272 (contributing to the delinquency of a minor). A preliminary hearing was held on May 14, 1982. At that hearing the magistrate ruled that the defense could not cross-examine the complaining witness regarding other sexual experiences. Thereafter the defendant was held to answer and an information was filed in the superior court charging defendant with three violations of Penal Code section 288a, subdivision (b)(2), two violations of Penal Code section 261.5, and one violation of Penal Code section 272.

On July 16, 1982, defendant filed a motion to dismiss the information pursuant to Penal Code section 995 on the grounds that he was denied his right to cross-examine the complaining witness at the preliminary hearing regarding her previous addresses, previous schools she attended, her previous sexual activity, and her drug and alcohol consumption between September of 1981 and April of 1982. The trial court granted defendant's motion to dismiss only as it pertained to the restriction of cross-examination of the complaining witness regarding her prior sexual activity. The People have appealed. (Pen. Code, § 1238, subd. (a)(1).) The People contend on appeal that the magistrate properly limited the cross-examination of the complaining witness regarding her prior sexual activity.

The complaining witness, Michelle K., testified as follows at the preliminary hearing: Michelle K.'s date of birth is February 5, 1967. On September 10, 1981, Michelle K. was placed in juvenile hall where she met defendant who worked at the juvenile hall. Michelle K. was released from juvenile hall on October 5, 1981. Two weeks after her release from juvenile hall Michelle called defendant and asked to see him. Michelle continued to telephone defendant re-

questing to see him. Michelle K. and defendant had a sexual relationship from October 22, 1981, until approximately December 4, 1981. Michelle attempted to telephone defendant at juvenile hall on February 6, 1982. When she was unable to reach him, she talked to another employee at juvenile hall and told that individual about her relationship with defendant.

As part of defendant's cross-examination of Michelle at the preliminary hearing, defense counsel asked Michelle if she had had any sexual experiences with anyone other than defendant. The prosecutor's relevancy objections were sustained. Defense counsel urged before the magistrate that he was permitted to ask such questions to discover the information necessary to prepare an Evidence Code section 782 motion for trial. He argued that section 782 of the Evidence Code was not applicable to preliminary hearings. Defense counsel made the same argument in his motion to dismiss in the superior court and the motion was granted as to this ground.

The People contend in this appeal that Evidence Code section 782 is applicable to preliminary hearings. The People further contend that questioning at the preliminary hearing must be relevant to either establishing a defense or overcoming the prosecution's case. The People state that the defense questions regarding Michelle's other sexual experiences were nothing more than "a fishing expedition." The People conclude "[i]f the discovery is not directed to the restricted purpose of the preliminary examination it must be denied."

Defendant contends on appeal that he was unduly restricted in his cross-examination of Michelle at the preliminary hearing and therefore the superior court properly granted his motion to dismiss under Penal Code section 995. (*Gallaher* v. *Superior Court* (1980) 103 Cal.App.3d 666 [162 Cal.Rptr. 389]; *McDaniel* v. *Superior Court* (1976) 55 Cal.App.3d 803 [126 Cal.Rptr. 136].) Defendant argues that Evidence Code section 782 is not applicable to preliminary hearings. Defendant also argues that his proposed cross-examination of Michelle regarding other sexual experiences was relevant to a possible defense. "If witness [Michelle] had testified that she had sexual relations with persons other than [defendant] and these other persons denied her allegations, such evidence could have been introduced at [defendant's] preliminary examination, to wit, as evidence of false reporting of sexual contacts with others in conformity with her character for doing so." Defendant cites Evidence Code section 1103 to support this argument.

We agree with the People that Evidence Code section 782 is applicable to preliminary hearings. Any other holding would be inconsistent with the purpose of Evidence Code section 782.

In 1974, the Legislature enacted the Robbins Rape Evidence Law which became effective January 1, 1975. (Stats. 1974, ch. 569, pp. 1388-1389; *People* v. *Chapman* (1975) 47 Cal.App.3d 597, 608, fn. 4 [121 Cal.Rptr. 315].) The Robbins Rape Evidence Law amended Evidence Code section 1103 and added Evidence Code section 782. Evidence Code section 1103 provides that evidence of the character of the victim of the crime for which a defendant is being prosecuted is admissible if offered by the defense to prove conduct of the victim in conformity with the traits of character established by the evidence. The Robbins Rape Evidence Law added a new subdivision to section 1103 which subdivision excludes from the scope of section 1103 and makes inadmissible in a prosecution for certain sex crimes reputation evidence and evidence of specific instances of the alleged victim's sexual conduct with others than the defendant in order to prove consent by the alleged victim, unless the issue of sexual conduct is first interjected by the prosecutor or in the victim's testimony.

Evidence Code section 782 imposes a procedural limitation upon the admissibility of evidence of sexual conduct of the alleged victim of certain sex offenses to attack the victim's credibility.[1] Section 782 requires that the testimony be preceded by a written motion by the defendant accompanied by an affidavit containing an offer of proof. If the trial court finds that the offer of proof is "sufficient," it must conduct a "(a)(3) . . . hearing out of the presence of the jury, if any," and allow the alleged victim to be questioned "regarding the offer of proof . . . . [¶] (4) At the conclusion of the hearing, if the court finds that evidence proposed to be offered by the defendant regarding the sexual conduct of the complaining witness is relevant . . . and is not inadmissible pursuant to Section 352 of [the Evidence Code], the court may make an order stating what evidence may be introduced by the defendant, and the nature of the questions to be permitted. The defendant may then offer evidence pursuant to the order of the court."

"Although the number of rapes brought to police attention is increasing, there is evidence that the vast majority of such attacks still go unreported. At hearings conducted by the Assembly Criminal Justice Committee, members heard testimony explaining this phenomenon and subsequently articulated the rationale for [the Robbins Rape Evidence Law]: Many times the rape victim is extensively questioned about her prior sexual history in open court, without a showing that such questioning is relevant to the innocence or guilt of the accused. The fear of such detailed examination about a very personal aspect of an individual's life may deter victims from bringing criminal complaints, and may

---

[1]At oral argument respondent's counsel pointed out that Penal Code section 261.5 (statutory rape) is not one of the enumerated sexual offenses in Evidence Code section 782. However, as the Attorney General correctly observed, section 782's provisions are impacted in the case at bench because respondent is additionally charged with violation of Penal Code section 288a.

be a significant factor in the low percentage of reported rapes. [¶] Thus, in the interest of encouraging more women to report and aid in the prosecution of rape, the legislature has sought to protect victims by restricting the admissibility of sexual conduct evidence. The extent to which the new law will stimulate increased reporting will turn directly upon how often the defense is able to elude the restrictions and to question the complaining witness concerning her prior sexual conduct." (Comment, *California Rape Evidence Reform: An Analysis of Senate Bill 1678* (1975) 26 Hastings L.J. 1551, 1554.)

The purpose behind the Robbins Rape Evidence Law would be totally defeated if defense counsel could elicit the same information at the preliminary hearing that Evidence Code section 782 restricts him from eliciting at the trial. It is no answer that the magistrate has the authority to close, as he did in the instant case, the preliminary hearing. (See *San Jose Mercury-News* v. *Municipal Court* (1982) 30 Cal.3d 498 [179 Cal.Rptr. 772, 638 P.2d 655].) That authority is limited and not applicable in many sex cases where Evidence Code section 782 would apply. (Pen. Code, § 868.7.) Furthermore, a transcript of the testimony of the complaining witness is still made available to the public. (Pen. Code, § 868.7, subd. (b).)

Defendant argues that "making Evidence Code § 782 applicable to preliminary examinations violates the prohibition against prosecution discovery principles enunciated in *Prudhomme* vs. *Superior Court* (1970) 2 C 3d 320, *Allen* vs. *Superior Court* (1976) 18 C 3d 520 and *People* vs. *Collie* (1981) 30 C 3d 43." *Prudhomme* holds that an order requiring defense counsel to disclose to the prosecution the names and expected testimony of all witnesses the defendant intends to call at trial violates the privilege against self-incrimination because the order in its broad form fails to inquire into the possible incriminatory consequences of compliance and the required disclosure may "conceivably . . . lighten the prosecution's burden of proving its case in chief." (*Prudhomme* v. *Superior Court* (1970) 2 Cal.3d 320, 326 [85 Cal.Rptr. 129, 466 P.2d 673].) In *People* v. *Collie* (1981) 30 Cal.3d 43 [177 Cal.Rptr. 458, 634 P.2d 534], the California Supreme Court disapproved of any compelled production of defense evidence absent explicit legislative authorization.

Applicability of Evidence Code section 782 to the preliminary hearing in the instant case, under the standards in *Prudhomme* and *Collie*, would not violate defendant's privilege against self-incrimination. (*People* v. *Blackburn* (1976) 56 Cal.App.3d 685, 692 [128 Cal.Rptr. 864].) The offer of proof would have related only to evidence of alleged sexual conduct of Michelle K. unrelated to the crimes charged. The offer of proof could not have conceivably tended to incriminate defendant nor could it lessen the prosecution's burden. (*Id.*, at p. 692.)

Defendant also asserts that Evidence Code section 782 does not apply to preliminary hearings because "a plain reading of this section indicates that it applies to trials only. The section does not mention preliminary examinations, but only refers to a hearing 'out of the presence of the jury, if any . . .' upon motion by the defendant."

Evidence Code section 782 applies to "any prosecution" under certain Penal Code sections that involve sex crimes. The term "prosecution" includes the entire criminal process once criminal charges are lodged. Since the preliminary hearing is part of the prosecution for the enumerated sex crimes, section 782 applies to preliminary hearings. It is true that section 782 refers to a hearing to be held "out of the presence of the jury, if any, . . ." We are of the opinion that the term "if any" not only encompasses court trials, but also includes preliminary hearings. As already noted any other reading of section 782 would defeat the purpose behind the enactment of the Robbins Rape Evidence Law.

■ Next defendant asserts that one of the purposes of a preliminary hearing is to provide defense with an opportunity for discovery. He argues that section 782 should not be applied to preliminary hearings, so that the defense may discover if it has a basis to make a motion under 782 at trial.

It is well established that the defendant at a preliminary hearing has the right to examine and cross-examine witnesses for the purpose of overcoming the prosecution's case or establishing an affirmative defense. (*Jones* v. *Superior Court* (1971) 4 Cal.3d 660, 667 [94 Cal.Rptr. 289, 483 P.2d 1241]; *Jennings* v. *Superior Court* (1967) 66 Cal.2d 867, 875-880 [59 Cal.Rptr. 440, 428 P.2d 304].) Nor can it be denied that a preliminary examination properly serves an "important discovery function" for the defense. (See *Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584, 588-589 [150 Cal.Rptr. 435, 586 P.2d 916].) However, if a question at the preliminary hearing is otherwise objectionable, the fact that it may serve some discovery purpose for the defense, does not make the question proper. (See *McDaniel* v. *Superior Court, supra,* 55 Cal.App.3d 803, 805; see also *Holman* v. *Superior Court* (1981) 29 Cal.3d 480, 484-486 [174 Cal.Rptr. 506, 629 P.2d 14].)

■ "In *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531, 535 . . . , we recently expressed a controlling principle: 'Unlike the statutory development of civil discovery in California, the right of an accused to seek discovery in the course of preparing his defense to a criminal prosecution is a *judicially* created doctrine evolving in the absence of guiding *legislation.* [Citations.] A defendant's motion to discover is addressed solely to the sound discretion of the trial court, which has inherent power to order discovery when the interests of justice so demand. [Citations.]' (Italics added.) *Pitchess* expressly recognized that legislative silence on the subject of discovery 'means that it has left to the courts

the adaptation of common law concepts.' (P. 536, summarizing with approval a similar statement by Chief Justice Traynor in *Shively* v. *Stewart* (1966) 65 Cal.2d 475, 479 . . . .) We stated the same principle in *Hill* v. *Superior Court* (1974) 10 Cal.3d 812, 816 footnote 3 . . .: 'This court has developed rules of criminal discovery *in the absence of legislation.* [Citations.]' (Italics added.)" (*People* v. *Municipal Court (Runyan)* (1978) 20 Cal.3d 523, 527-528 [143 Cal.Rptr. 609, 574 P.2d 425, 2 A.L.R.4th 68].) The same rule applies to the magistrates who conduct preliminary examinations. (*Holman* v. *Superior Court, supra,* 29 Cal.3d 480, 485.)

However, the "exercise of a judicial power over criminal discovery which inheres in courts when the Legislature is silent must be tempered and restrained when the Legislature has spoken." (*People* v. *Municipal Court (Runyan)*, *supra,* 20 Cal.3d at p. 528.) Inherent judicial powers should not be exercised in such a manner as to nullify existing legislation or frustrate legitimate legislative policy.

Accordingly, the Legislature could properly limit the right of a defendant to discover other sexual conduct at a preliminary hearing absent the procedure set out in Evidence Code section 782 and we find that the Legislature did so. (See *People* v. *Blackburn, supra,* 56 Cal.App.3d 685, 692-693.)

██ ██ ██ ██ ██ In conclusion, we are of the opinion that the magistrate properly limited the cross-examination of Michelle K. regarding sexual conduct with individuals other than defendant, since defendant made no attempt to follow the procedure set out in Evidence Code section 782.[2] Therefore the trial court erred in granting defendant's motion to dismiss the information pursuant to Penal Code section 995.

---

[2]On appeal defendant states the evidence regarding other sexual conduct was relevant because: "If witness [Michelle] had testified that she had sexual relations with persons other than [defendant] and these other persons denied her allegations, such evidence could have been introduced at [defendant's] preliminary examination, to wit, as evidence of false reporting of sexual contacts with others in conformity with her character for doing so." (See *People* v. *Perkins* (1982) 129 Cal.App.3d 15, 22 [180 Cal.Rptr. 763]; *People* v. *Wall* (1979) 95 Cal.App.3d 978 [157 Cal.Rptr. 587].) We are of the opinion, although it is unnecessary for us to decide this issue, that such an offer of proof would have been insufficient and therefore the court would not have been required to conduct the hearing mentioned in Evidence Code section 782. This offer of proof does not even allege that the defense has any basis for believing that Michelle has claimed to have had sexual experiences with others. If these alleged "other persons" were called to testify their rights against self-incrimination would come into play, for if they admitted any sexual contact with Michelle K. they would be guilty of sexual offenses. (Pen. Code, §§ 261.5, 288a; see *Michael M.* v. *Superior Court* (1979) 25 Cal.3d 608 [159 Cal.Rptr. 340, 601 P.2d 572], affd. 450 U.S. 464 [67 L.Ed.2d 437, 101 S.Ct. 1200].) The court should not permit cross-examination on issues that have minimal relevance, are collateral to the issue of defendant's guilt, and involve the constitutional rights of other persons not involved with the case. (See *People* v. *Fritts* (1977) 72 Cal.App.3d 319, 326-327 [140 Cal.Rptr. 94].)

The order dismissing the information and granting defendant's 995 motion is reversed.

Scott, J., and Feinberg, J., concurred.

A petition for a rehearing was denied May 26, 1983.