[No. H002171. Sixth Dist. July 27, 1987.]

THE PEOPLE, Plaintiff and Appellant, v.
ARNOLD AGUIRRE, Defendant and Respondent.

COUNSEL

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Ann K. Jensen and Linda Ludlow, Deputy Attorneys General, for Plaintiff and Appellant.

Prescott J. Kendall, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

AGLIANO, P. J.—In this case we are asked to determine whether defendant Arnold Aguirre was denied a substantial right by the prosecution's failure to inform him of the existence of confidential information pursuant to Penal Code section 859 and by its failure to provide him with several discoverable reports of Correctional Training Facility personnel until after the preliminary examination. The matter comes to us on appeal by the People from the superior court's order granting defendant's motion to dismiss the information. We conclude the order to dismiss must be set aside.

BACKGROUND

On April 11, 1986, respondent Aguirre was charged by information with one count of possession of marijuana in a state prison (Pen. Code, § 4573.6), and with one count of battery by a state prisoner (Pen. Code, § 4501.5).

Defendant had been held to answer after the preliminary examination on March 21, 1986. At that hearing, Soledad prison guard Zamudio testified that he entered Aguirre's cell after monitoring a telephone conversation between Aguirre and his mother. Zamudio grabbed a cellophane object that Aguirre was trying to place in his mouth. Aguirre bit Zamudio's finger, causing the officer to release the object. A second correctional officer who had responded to the cell applied pressure behind Aguirre's ear, allowing Zamudio to regain possession of the object which was later determined to contain a bindle of marijuana and three marijuana cigarettes.

On May 21, 1986, prior to trial, defendant informed the superior court that he had recently received several additional reports from the Correctional Training Facility at Soledad, reports which bore directly on the instant charges. These reports had originally been classified as confidential by the institution but were declassified on May 7, 1986.

■■ ■ ■ On June 2, 1986, defendant moved to have the information set aside on the ground that he was denied substantial discovery rights and due process.[1] The motion was granted on June 19, 1986, and the case was dismissed. The People appeal pursuant to Penal

---

[1] It is well established that the validity of procedures underlying a felony indictment or information may in appropriate cases be tested by motion or application independent of section 995 on the basis of facts outside the grand jury or preliminary examination record. (*People* v. *McGee* (1977) 19 Cal.3d 948, 968 [140 Cal.Rptr. 657, 568 P.2d 382]; *People* v. *King* (1967) 66 Cal.2d 633, 644-645 [58 Cal.Rptr. 571, 427 P.2d 171]). The fact that defense counsel incorrectly labeled his request for dismissal a "995 motion" did not leave the court without authority to grant relief.

Code section 1238, subdivision (a)(1),[2] contending that the failure to provide timely discovery did not deprive defendant of a substantial right, and in the alternative, that dismissal was either statutorily prohibited or too drastic a remedy. They also claim that defendant waived his right to a dismissal.

## DISCUSSION

■ The People first contend the superior court was precluded from setting aside the information and ordering a dismissal in this case. They argue that Penal Code section 859 as amended in 1985 eliminated the sanction of dismissal based upon the prosecution's failure to provide discovery prior to the preliminary examination. We disagree.

Penal Code section 859 as amended states in pertinent part: "The prosecuting attorney shall deliver to, or make accessible for inspection and copying by, the defendant or counsel, copies of the police, arrest, and crime reports, upon the first court appearance of counsel, or upon a determination by a magistrate that the defendant can represent himself or herself. If unavailable to the prosecuting attorney at the time of that appearance or determination, the reports shall be delivered within two calendar days. Portions of those reports containing privileged information need not be disclosed if the defendant or counsel has been notified that privileged information has not been disclosed. . . . The court shall not dismiss a case because of the failure of the prosecuting attorney to immediately deliver copies of the reports or to make them accessible for inspection and copying."

Initially, we point out that section 859 is one of a series of statutes under which magistrates derive their jurisdiction and limited powers. (*Gray* v. *Municipal Court* (1983) 149 Cal.App.3d 373, 376 [196 Cal.Rptr. 808].) Several Penal Code sections use the word "court" to refer to a magistrate. (*Id.* at p. 377.) ■ The context in which the word "court" appears within section 859 leads us to the conclusion that "court" here refers to a municipal court judge sitting as a magistrate. The section has limited application to situations prior to the preliminary examination where a prosecutor's tardy delivery of information can be met with less drastic sanctions than dismissal such as a continuance without undue prejudice to the defendant.

■ Secondly, we note that if a defendant was deprived of a substantial right during the preliminary examination, he is entitled to a dismissal of the information. (*People* v. *Watson* (1983) 146 Cal.App.3d 12, 20 [193 Cal.Rptr. 849].)

---

[2] This section provides: "(a) An appeal may be taken by the people from any of the following: (1) An order setting aside the indictment, information, or complaint."

■ Given section 859's limited application to the municipal court and given a defendant's right to dismissal when deprived of a substantial right during the preliminary examination, we conclude that the section does not address this situation where the superior court was asked to assess whether defendant's lack of access to reports, which were subsequently provided to him in the course of discovery in superior court, deprived him of a substantial right during his preliminary examination.

■ The People's contention that Aguirre waived his right to request a dismissal by declining to request a continuance at the preliminary hearing is also meritless. Prior to the preliminary hearing, Aguirre provided his counsel with some additional reports and letters in his possession. Despite the fact that those items had not been provided to counsel in a timely fashion, Aguirre chose not to request a continuance. However, the untimely receipt of those items was not the basis of the motion for dismissal in superior court. There was no waiver of the right to challenge the prosecution's failure to inform counsel of the existence of what had been classified confidential information or to be provided with those confidential reports.

■ Having considered the technical correctness of the order of dismissal we now review the reasoning behind the order to determine "whether under the circumstances the trial judge exceeded the bounds of judicial discretion. ■ If there was such an abuse of discretion the order must be set aside. [Citations.]" (*People* v. *Beasley* (1970) 5 Cal.App.3d 617, 635 [85 Cal.Rptr. 501]; *People* v. *Dewberry* (1974) 40 Cal.App.3d 175, 182-183 [114 Cal.Rptr. 815].)

■ Here, after placing before the court all of the reports obtained prior to the preliminary hearing as well as the additional prison reports received prior to trial, defense counsel argued to the court in general terms that "when we are dealing with C.T.F. [Soledad] cases, a very special thing happens. That's that they are allowed to prosecute these people administratively and take away their work time credit, which happened to Mr. Aguirre and he went through that. Because in administrative proceedings they can start stamping documents confidential and it's okay to convict people of these administrative violations with confidential information. That's part of their procedures and it's allowed. What happens then is when Lieutenant Peter and Sergeant Love, who are responsible for bringing these cases into the D.A.'s office, they attempt to do their job and there are these other reports out in the hands of different part of the C.T.F. system. They do not get these reports. Somebody does not give them those reports. And it's not atypical."

The prosecutor earlier had argued to the court that the withheld discovery contained a repetition of the information already provided to the de-

fense and that all areas covered in the additional reports were in fact fully explored during the preliminary hearing. While expressing displeasure that the prison failed to produce the reports in a timely fashion, the prosecutor argued that no prejudice had resulted from the delay.

The court responded to defense counsel's argument by inquiring, "What about [the prosecutor's] point that although you didn't get those specific reports, they really don't contain anything particularly new, that you had all the information anyway?"

After defense counsel's bald assertion that the prosecutor's argument was a "gross misstatement," the court granted the motion to dismiss, commenting that "if C.T.F. wants prosecutions in state courts, they are going to have to be of assistance to the district attorney's office in gathering information."

While in no way condoning the failure of the prison to provide the prosecution with its confidential reports in a timely fashion so that the prosecution would have been in a position to comply with the notice provisions of Penal Code section 859, we find that their failure to do so in this case did not deprive Aguirre of a fair hearing. All significant information in the additional reports was in the possession of the defendant albeit in other forms at the time of the preliminary hearing; nothing in the additional reports appears to have had any potential to further the ability of defense counsel to overcome the prosecution's case or to establish an affirmative defense. (*People* v. *Buckley* (1986) 185 Cal.App.3d 512, 523 [228 Cal.Rptr. 329]; *People* v. *Jordan* (1983) 142 Cal.App.3d 628, 634 [191 Cal.Rptr. 218].)

After a detailed review of all of the reports ultimately provided to defense counsel and of the record of the preliminary hearing, we conclude that the trial court exceeded the bounds of judicial discretion in granting the dismissal, as we find no adequate showing of prejudice caused by the admittedly late production of the additional prison reports.

The order of dismissal is set aside.

Brauer, J., and Capaccioli, J., concurred.

A petition for a rehearing was denied August 13, 1987, and respondent's petition for review by the Supreme Court was denied October 21, 1987.