OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 89-603 |
| of | : | |
| | : | SEPTEMBER 20, 1989 |
| JOHN K. VAN DE KAMP | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE JAMES P. FOX, DISTRICT ATTORNEY, SAN MATEO COUNTY, has requested an opinion on the following question:

Is rule 19 of the San Mateo Municipal Court valid?

CONCLUSION

Rule 19 of the San Mateo Municipal Court requiring the prosecuting attorney to file two copies of the police, arrest and crime reports with the court in all criminal cases is void because it conflicts with state statutes.

ANALYSIS

On July 1, 1989 the San Mateo Municipal Court adopted rule 19, to be effective on January 1, 1990. The rule requires the prosecuting attorney at the time of the filing of a criminal complaint or other charging document to concurrently file two copies of the police, arrest and crime reports with the clerk, which will be lodged in the file. If unavailable at that time, such documents are to be filed within two days, but in any event no later than the first appearance or arraignment of the defendant. At the time of the first appearance of the defendant, one copy is to be delivered to the defendant or counsel. Monetary sanctions are prescribed for failure to comply with the rule in an amount to compensate the defendant for the costs of otherwise obtaining or copying such reports, not to exceed $250.00.[1]

---

[1] Rule 19 provides in full:

"(a.) In all felony and misdemeanor matters, the prosecuting attorney shall deliver to the Clerk of the Court, at the time of filing the complaint or other charging document, two (2) copies of the police, arrest, and crime reports, which shall be lodged by the Clerk in the file. If unavailable to the prosecuting attorney at that time, the reports must be delivered within two days thereafter, but in any event no later

Rule 19 is similar to and clearly patterned upon section 1430 of the Penal Code, and a virtually identical portion of section 859 of that code. These require the prosecuting attorney either to deliver to the defendant or counsel upon the first court appearance of counsel (or upon a determination by the court that the defendant can represent himself or herself) the police, crime and arrest reports or to make such reports available for inspection and copying. If such reports are not available at that time, they are to be delivered within two calendar days. No monetary sanctions are imposed and the sanction of dismissal is specifically prohibited.[2]

The issue presented is whether, in view of the provisions of sections 859 and 1430 of the Penal Code, rule 19 of the San Mateo Municipal Court is valid. We conclude that the rule is invalid.

Section 68070 of the Government Code provides:

"Every court may make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council. Such rules shall not:

---

than the date of the first appearance, or arraignment, of the defendant. Portions of those reports containing privileged information need not be disclosed so long as the remainder of the reports include a notice that privileged information has not been disclosed.

"(b.) At the time of the first appearance, one copy of the police, arrest, and crime report shall be furnished to the defendant or counsel.

"(c.) The failure by a prosecuting attorney to deliver the copies of the reports to the Clerk of the Court shall result in the imposition of monetary sanctions by the court, payable to the defendant or counsel for the defendant by the prosecuting attorney, or the arresting agency, or both, in such amount as to compensate the defendant or counsel for the reasonable cost of otherwise obtaining or copying such report. In no event shall the sanction as to any one defendant in any one case be less than $5, nor more than $250." (Adopted July 1, 1989; to be effective January 1, 1990)

[2]Section 1430 provides as follows:

"The prosecuting attorney shall deliver to, or make accessible for inspection and copying by, the defendant or counsel, copies of the police, arrest, and crime reports, upon the first court appearance of counsel, or upon a determination by a magistrate that the defendant can represent himself or herself. If unavailable to the prosecuting attorney at the time of that appearance or determination, the reports shall be delivered within two calendar days. Portions of those reports containing privileged information need not be disclosed if the defendant or his or her counsel has been notified that privileged information has not been disclosed. If the charges against the defendant are dismissed prior to the time the above-mentioned documents are delivered or made accessible, the prosecuting attorney need not deliver or make accessible such documents unless otherwise so compelled by law. The court shall not dismiss a case because of the failure of the prosecuting attorney to immediately deliver copies of the reports or to make them accessible for inspection and copying."

"(a) Impose any tax, charge, or penalty upon any legal proceeding, or for filing any pleading allowed by law.

"(b) Give any allowance to any officer for services." (Emphasis added.)

Section 68070 of the Government Code is a legislative confirmation of "[t]he power inherent in courts of record to make rules of procedure which do not conflict with constitutional or legislative provisions." (*Albermont Petroleum, Ltd.* v. *Cunningham* (1960) 186 Cal.App.2d 84, 89.) Or as stated relatively recently by our Supreme Court in the last of a series of cases ruling upon the validity of court rules on when supporting papers for a motion for summary judgment must be filed:

"We agree with the view expressed in *Shadle* [*Shadle* v. *City of Corona* (1979) 96 Cal.App.3d 173] and *Kapitanski* [*Kapitanski* v. *Von's Grocery Co.* (1983) 146 Cal.App.3d 29, 32-33] that in the absence of legislative direction to the contrary courts may adopt local rules with the force of law and that reasonable local rules limiting the time to file opposition to the summary judgment motion were not precluded by former Code of Civil Procedure section 437c. . . ." (*Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 29. Emphasis added, footnote omitted.)

Moving from the general to the more specific, we note that Rule 19 relates to criminal discovery. (See *People* v. *Broome* (1988) 201 Cal.App.3d 1479, 1487 stating: "Some [criminal] discovery is now a matter of statutory right. For example, Penal Code section 859 . . . [and] (Pen. Code § 1430)".) Significantly, in this area of criminal procedure, the courts have cautioned as follows:

"However, the 'exercise of a judicial power over criminal discovery which inheres in courts when the Legislature is silent must be tempered and restrained when the Legislature has spoken.' (*People* v. *Municipal Court* (Runyan), *supra*, 20 Cal.3d at p. 528.) Inherent judicial powers should not be exercised in such a manner as to nullify existing legislation or frustrate legitimate legislative policy." (*People* v. *Jordan* (1983) 142 Cal.App.3d 628, 635, emphasis added.)

We would also note that only recently were the courts' inherent powers to prescribe criminal discovery even extended to the preliminary hearing stage of a criminal proceeding. (See *Holman* v. *Superior Court* (1981) 29 Cal.3d 480.)

Conversely, however, "[i]t is true that a [court] rule inconsistent with a statute can have no validity; but the mere fact that the rule goes beyond the statutory provision does not make it inconsistent therewith." (*Butterfield* v. *Butterfield* (1934) 1 Cal.2d 227, 228.)

With these general principles in mind we now compare rule 19 with sections 859 and 1430 of the Penal Code. In our view rule 19 (1) conflicts with these sections, (2) essentially nullifies their operation, and (3) violates the direction that where the Legislature has entered an area of criminal discovery, the courts prescribing discovery should act in a tempered and restrained manner.

We perceive the conflict as follows. Rule 19 requires the production of police, arrest and crime reports at an earlier stage of the proceeding than does the Penal Code. Additionally, rule 19 requires the prosecuting attorney to copy and provide the prescribed reports for the benefit of the defendant whereas the Penal Code gives the prosecuting attorney the option to either provide these documents to the defendant or make them available for inspection and copying. Rule 19 thus takes away from the prosecutor the latter option which the Legislature has expressly granted. Finally, rule

19 provides monetary sanctions for failure to provide the prescribed documents which are to defray the costs of the defendant later obtaining these documents. The Penal Code, however, provides no such sanctions. Rule 19 thus shifts the costs of discovery from the defendant to the prosecuting attorney, and ultimately the county. Thus rule 19 conflicts with the Penal Code as to (1) the time for production of the documents, (2) the procedure for producing these documents and (3) the costs of their production. Rule 19 does so despite "legislative direction to the contrary." (See *Mann* v. *Cracchiolo*, *supra*.)

In addition to the foregoing conflicts, we believe rule 19 essentially nullifies sections 859 and 1430 of the Penal Code. By complying with the provisions of rule 19 at the "charging" stage of the criminal proceeding, the prosecuting attorney will have nothing left to do pursuant to sections 859 and 1430 of the Penal Code at the "first appearance" stage of the proceeding. The defendant will already have the documents required to be produced under the Penal Code pursuant to rule 19. Such a nullification of the Penal Code provisions is contrary to the admonition of our appellate courts that "[i]nherent judicial powers should not be exercised in such a manner as to nullify existing legislation." (*People* v. *Jordan*, *supra*.)

Finally, rule 19 mandates criminal discovery at the arraignment stage of the criminal proceeding. In our view this is also contrary to court's admonition in *People* v. *Jordan*, *supra*, quoting from *Runyon*, that inherent judicial power "over criminal discovery . . . must be tempered and restrained when the Legislature has spoken." This is particularly true when one considers that it is only recently that court imposed criminal discovery has been sanctioned at the preliminary hearing stage of a criminal proceeding. (*Holman* v. *Superior Court*, *supra*.)

Although there arguably may be sound policy reasons for rule 19, we believe that as to both the timing and procedure to be followed with respect to the disclosure of police, arrest and crime reports, the Legislature has already set such policy by its enactments in Penal Code sections 859 and 1430.[3] In short, although courts may go beyond a legislative enactment in prescribing rules (*Butterfield* v. *Butterfield*, *supra*), in our opinion rule 19 does more than this. In our view, it does not supplement the Penal Code provisions, it supplants them.

Accordingly, we conclude that rule 19 is invalid.[4]

\* \* \* \*

---

[3]We are informed that the policy reasons for the rule are to ensure that all police departments in the county file reports with the District Attorney on a timely basis, to facilitate defense counsel in obtaining such reports instead of having to copy them, and in anticipation of the extension of speedy trial rules to misdemeanors handled in municipal court.

Conversely, the district attorney points out that with his caseload the court would be requiring his office to supply about 200,000 pages of copies per year, with no provision in his budget for the labor or materials involved.

[4]Because of our conclusions herein, we need not nor do we determine whether the Municipal Court has the authority to prescribe sanctions absent legislative authorization, or whether the prescribed sanctions constitute a "charge" or "penalty" within the prohibitions of section 68070 of the Government Code.