Filed 1/15/25  P. v. Palmer CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not
certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been
certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Appellant,<br><br>v.<br><br>LAZEBIETY DEAN PALMER, JR.,<br><br>　　　Defendant and Respondent. | A170500<br><br>(Solano County Super. Ct.<br>No. VCR236252) |

### MEMORANDUM OPINION[1]

After defendant Lazebiety Dean Palmer, Jr., was held to answer for three counts of attempted murder (§§ 664, 187) and several other felony charges, he filed a motion to set aside the information under section 995. According to that motion, the People deprived Palmer of a substantial right by failing to disclose purportedly exculpatory and material evidence under *Brady v. Maryland* (1963) 373 U.S. 83 (*Brady*) before the preliminary hearing.  The trial court granted Palmer's motion and the People filed this appeal, arguing the order of dismissal should be reversed because (inter alia) the failure to disclose evidence did not deprive Palmer of any substantial

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We provide a limited factual summary because our opinion is unpublished and the parties know, or should know, "the facts of the case and its procedural history."  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.) All statutory references are to the Penal Code.

right.  We agree and therefore reverse the order, remanding the matter for further proceedings.

"Breach of the prosecution's *Brady* obligation in connection with a preliminary hearing can be raised by the defendant in a nonstatutory motion to dismiss." (*People v. Gutierrez* (2013) 214 Cal.App.4th 343, 348–349 (*Gutierrez*).)  Here, Palmer filed a motion to set aside the information under section 995, not a nonstatutory motion to dismiss.  However, as the People acknowledge, this "did not necessarily bar the superior court from granting [him] relief," and our reversal of the order dismissing the charges against Palmer does not depend on that technical defect.  (See *People v. Aguirre* (1987) 193 Cal.App.3d 1168, 1171, fn. 1.)  Rather, as we explain below, the trial court erred because Palmer was not entitled to relief under the standards governing a nonstatutory motion to dismiss.

" ' "It is settled that denial of a substantial right at the preliminary examination renders the ensuing commitment illegal and entitles a defendant to dismissal of the information on timely motion." ' " (*Gutierrez*, *supra*, 214 Cal.App.4th at p. 349.)  " 'Nondisclosure of evidence impeaching eyewitnesses on material issues is the deprivation of [the] substantial right' " of a defendant to cross-examine witnesses.  (*Ibid*.)  But such a deprivation does not result from every curtailment of cross-examination:  " ' "Not [in] every instance in which a cross-examiner's question is disallowed will defendant's right to a fair hearing be abridged, since the matter may be too unimportant . . . , or there may be no prejudice . . . , or the question may involve issues which can be brought up at a more appropriate time . . . ." ' " (*Currie v. Superior Court* (1991) 230 Cal.App.3d 83, 100 (*Currie*).)  These considerations illustrate " 'a more selective test' " for whether a substantial right has been infringed, and this test applies where, as here, cross-

2

examination has been effectively curtailed by the nondisclosure of impeachment evidence. (*Id.* at p. 98.) In *Currie*, for example, "the motion to dismiss was properly denied . . . where the 'reasonable cause evidence was overwhelming,' and 'collateral' impeachment of a prosecution witness with the nondisclosed information would have provided 'no evidence of adverse bias, interest, or motive.' " (*Gutierrez*, *supra*, 214 Cal.App.4th at p. 349.)

Here, as in *Currie*, the infringement of Palmer's right to cross-examination did not result in the deprivation of a substantial right. Generally, "a denial of substantial rights occurs only if the error 'reasonably might have affected the outcome.' " (*People v. Standish* (2006) 38 Cal.4th 858, 882 (*Standish*).) This is simply not true of the outcome of Palmer's preliminary hearing. The impeachment evidence in Palmer's case concerned prosecution witness Detective Yates. According to the police investigator inquiring into the actions of a certain Detective Mustard, Detective Yates was not credible when he told the investigator that a joke made by Detective Mustard concerned a black dog, not a black person. As the People observe, this evidence could at most undermine the credibility of Detective Yates's testimony at the preliminary hearing.

On the other hand, Palmer confessed to participating in the three shootings underlying counts 1 through 11, and an audio recording of that confession was admitted into evidence. As for count 12, possession of a firearm by a felon in violation of section 29800, subdivision (a)(1), probable cause to believe Palmer had committed that crime was amply supported by the testimony of Officer Orth and by Palmer's previous, judicially noticed felony plea. Thus, because Palmer would surely have been held to answer on the basis of evidence that did not depend on the credibility of Detective Yates, the failure to disclose impeachment evidence concerning Detective Yates did

3

not result in the deprivation of any substantial right. (*Standish*, *supra*, 38 Cal.4th at p. 882.) In short, the trial court erred in dismissing the information.

Palmer seeks to avoid this conclusion by arguing "the admissibility of respondent's statements was based on Yates'[s] testimony that respondent had answered affirmatively when asked if he understood his *Miranda* rights." This contention is contradicted by the record. After listening to the audio recording of the confession, the magistrate based its finding that Palmer had made "a knowing, understanding waiver" of his rights on two facts: Palmer's response of "um-huh . . . which I think is commonly indicative of affirmative"; and Palmer's "immediate answering of questions." Both of these were directly observed by the magistrate from the audio recording, not gleaned from Yates's testimony.

## DISPOSITION

We reverse the order of dismissal and remand the matter with instructions for the trial court to enter a new order denying Palmer's section 995 motion.

SIMONDS, J.*

We concur:

BROWN, P. J.
GOLDMAN, J.

*People v. Palmer* (A170500)

---

* Judge of the Superior Court of California, County of Sonoma, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.