[No. C030485. Third Dist. Aug. 15, 2000.]

THE PEOPLE, Plaintiff and Appellant, v.
DONALD W. SHERWIN et al., Defendants and Respondents.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Factual and Procedural Background, and parts II and III.

COUNSEL

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Harry Joseph Colombo and Margaret E. Spencer, Deputy Attorneys General, for Plaintiff and Appellant.

Sanger & Swysen, Robert M. Sanger, Catherine J. Swysen and Barbara A. Carroll for Defendant and Respondent Donald W. Sherwin.

Seagal & Kirby and Malcolm S. Segal for Defendants and Respondents Lisa Vander and Tway and Joyce Andrews.

Blackmon & Snellings, Clyde M. Blackmon, Hill C. Snellings, M. Allen Hopper and Karen L. Hamilton for Defendant and Respondent Brian Hofer.

Brent H. Bebee and Marsha A. Beebe, in pro. per., for Defendants and Respondents.

## OPINION

## MORRISON, J.—

### INTRODUCTION

After defendants were indicted by grand jury on two counts of conspiracy against trade in violation of the Cartwright Act (Bus. & Prof. Code, § 16755) and other offenses, the trial court granted their motions to suppress evidence under Penal Code section 1538.5 (further section references are to the Penal Code unless specified otherwise). Defendants successfully argued such evidence was illegally seized in a general search or developed as a result of that illegal search. Defendants then renewed their motions to dismiss under *section 995*. The trial court found the successful suppression motions provided changed circumstances to support renewed section 995 motions and

further found that without the evidence that had been suppressed, there was insufficient evidence to support the indictment.

The People appeal from the order dismissing the two counts of the Cartwright Act violations. The People contend the trial court erred in applying the exclusionary rule retroactively to redact evidence presented to the grand jury and there were no changed circumstances to support renewal of the section 995 motions. The People further contend that the legally obtained evidence was sufficient to establish probable cause. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISCUSSION

I

The People first attack the procedural vehicle by which counts 1 and 2 were dismissed. They assert that the exclusionary rule cannot be applied retroactively to redact evidence received by the grand jury. Accordingly, they argue, since the illegally seized evidence should not have been redacted, there were no changed circumstances to warrant a renewal of the motions to set aside the indictment.

Section 939.6, subdivision (b) provides: "[T]he grand jury shall not receive any evidence except that which would be admissible over objection at the trial of a criminal action, but the fact that evidence which would have been excluded at trial was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury."

The People argue that illegally seized evidence, subject to suppression under the exclusionary rule, is not evidence that is inadmissible at trial. They claim such evidence, because it is relevant and probative, is not incompetent and inadmissible, but merely excluded as a court-ordered sanction for violation of Fourth Amendment rights. The People appear to claim that an indictment may be based on illegally seized evidence. They are wrong. It has long been the law of California "that evidence obtained by such unconstitutional means [illegal arrests, searches, and seizures] is inadmissible at the trial [citations] and incompetent to support an accusatory pleading [citation]." (*People v. Valenti* (1957) 49 Cal.2d 199, 203 [316 P.2d 633].)

---

*See footnote, *ante*, page 1404.

The People contend the exclusionary rule cannot be applied retroactively to redact evidence received by the grand jury. Since a defendant cannot move to suppress evidence prior to the grand jury proceeding (*People v. Prewitt* (1959) 52 Cal.2d 330, 335 [341 P.2d 1]), the People's position would allow an indictment to stand although based on illegally obtained evidence. "If the illegally obtained evidence is the sole basis of an indictment or information, defendant is held without reasonable or probable cause; his motion to set aside the accusatory pleading should be granted by the court . . . . ." (*People v. Valenti, supra*, 49 Cal.2d at p. 203.)

In *People v. Govea* (1965) 235 Cal.App.2d 285 [45 Cal.Rptr. 253], three indictments were returned for violations of narcotics laws. Defendants moved to set aside the indictments on the basis that all of the evidence used to support probable cause was obtained by illegal searches. The trial court granted the motions. On appeal, the reviewing court reversed the dismissal of the first two indictments, finding the searches were legal. (*Id.* at pp. 299-302.) The court found, however, that the third search was illegal and all of the evidence obtained against defendants in the third indictment was the product of the illegal search. Since there was no competent evidence to support the indictment, it must be set aside under section 995. (235 Cal.App.2d at p. 305.) The order to that effect was affirmed. (*Ibid.*) Thus, the court applied the exclusionary rule retroactively to grand jury proceedings to determine if there was probable cause to indict defendants.

In their reply brief, the People refine their argument to indicate that the exclusionary rule can be applied in a section 995 sufficiency review only where the transcript of the grand jury proceedings alone shows the evidence that is the sole basis of the indictment was obtained illegally. The People rely on a series of cases that held where the determination of the legality of the contested search cannot be made based on the transcript of the grand jury proceedings, legality should be presumed and the ultimate decision on admissibility of evidence will be resolved at trial. In *People v. Prewitt, supra*, 52 Cal.2d at pages 335-336, the court stated: "When the prosecution is by indictment, however, the defendant has no opportunity to object to the introduction of evidence before the grand jury, and accordingly, there can be no waiver of the right to challenge the legality of the evidence to support the indictment based on a failure to object to its introduction. Although he has no opportunity to develop facts that may show that essential evidence was illegally obtained, if the record is silent on this question, it must be presumed that the officers acted lawfully. [Citation.] In such a case, just as in the case when the evidence before the magistrate is conflicting on the question of legality or no objection is made to the evidence seized, 'the ultimate decision

on admissibility can be made at the trial on the basis of all of the evidence bearing on the issue.' [Citation.]"

*People v. Prewitt, supra,* 52 Cal.2d 330 and the other cases on which the People rely predate the adoption of section 1538.5. (Stats. 1967, ch. 1537, § 1, p. 3652.) This section now provides a vehicle for challenging before trial the legality of a search and the admissibility of evidence obtained therefrom. Indeed, this pretrial procedure is advantageous to the prosecution because it permits the determination of the legality of searches and seizures and the appeal of any adverse ruling before jeopardy attaches at trial. (*People v. Superior Court (Edmonds)* (1971) 4 Cal.3d 605, 610 [94 Cal.Rptr. 250, 483 P.2d 1202].)

Defendants availed themselves of this procedure and were successful. The People do not challenge the trial court's ruling that the evidence obtained in the searches of defendants' residences or developed thereafter should be suppressed. Generally, after a successful section 1538.5 motion, the People, or the court on its own motion, will move to dismiss the matter under section 1385. (*People v. Superior Court (Kusano)* (1969) 276 Cal.App.2d 581, 585 [81 Cal.Rptr. 42].) Here, the perjury counts were so dismissed, but neither the People nor the trial court dismissed the Cartwright Act violations.

The question presented by this case, therefore, is what remedy a defendant has after a successful motion to suppress evidence under section 1538.5 where he believes there is no longer probable cause to support the indictment, but neither the prosecution nor the court dismisses the case. The People appear to argue that such a defendant has no remedy, but must proceed to trial. Such result is contrary to the purpose of section 1538.5, which is to reduce the waste of unnecessary court time in resolving search and seizure questions and to provide the prosecution with an opportunity to appeal adverse rulings before jeopardy attaches. (*People v. Superior Court (Edmonds), supra,* 4 Cal.3d 605, 610.)

We reject the People's position that defendants must proceed to trial without challenging the indictment. Rather, where defendant has been indicted based on evidence which is ruled to have been illegally obtained and which must be suppressed at trial, defendant must have an opportunity to receive a determination whether the indictment rests upon competent, legally obtained evidence. In *People v. Superior Court (Kusano), supra,* 276 Cal.App.2d at page 585, the court suggested a defendant could ask the court to dismiss under section 1385. Section 1538.5 provides for such a dismissal: "Nothing contained in this subdivision shall prohibit a court, at the same

time as it rules upon the search and seizure motion, from dismissing a case pursuant to Section 1385 when the dismissal is based upon the court's own motion and is based upon an order at the special hearing granting the defendant's motion to return property or suppress evidence." (§ 1538.5, subd. (*l*).)

Section 1385 provides for dismissal of a case in furtherance of justice upon the court's own motion or upon application of the prosecuting attorney. It does not provide for a motion to dismiss by the defendant. The Supreme Court has warned that a suggestion by defendant that the court exercise its power under section 1385 "could prove a dangerous game: if the defendant's 'suggestion' is deemed to be in effect a motion, the People could appeal from the ensuing dismissal (§ 1238, subd. (a)(8)) and might obtain a reversal on this ground alone." (*People v. Laiwa* (1983) 34 Cal.3d 711, 722, fn. 6 [195 Cal.Rptr. 503, 669 P.2d 1278].) Thus, using section 1385 as the remedy is not satisfactory.

Two other remedies are possible. Defendant could bring a nonstatutory motion to dismiss, based on the ground that he has been denied a substantial right, that is, not to be held over absent probable cause determined on the basis of competent, legally obtained evidence. "It is well established that the validity of procedures underlying a felony indictment or information may in appropriate cases be tested by motion or application independent of section 995 on the basis of facts outside the grand jury or preliminary examination record. [Citations.]" (*People v. Aguirre* (1987) 193 Cal.App.3d 1168, 1171, fn. 1 [238 Cal.Rptr. 750]; see also *Murgia v. Municipal Court* (1975) 15 Cal.3d 286, 294, fn. 4 [124 Cal.Rptr. 204, 540 P.2d 44] ["Although no clear California statutory authority provides for such a pretrial motion to dismiss, we have no doubt in light of the constitutional nature of the issue [discriminatory prosecution] as to the trial court's authority to entertain such a claim."].) Thus, even if section 995 was not the proper procedure, the trial court still had authority to grant relief.

The question remains whether a section 995 sufficiency review may encompass consideration of the result of a section 1538.5 motion. Section 995, subdivision (a)(1) provides that an indictment shall be set aside: "(A) Where it is not found, endorsed, and presented as prescribed in this code. [¶] (B) That the defendant has been indicted without reasonable or probable cause."

The basis of defendants' argument that the indictment should be set aside—that after the successful suppression motions, the indictment was

without probable cause—falls within the scope of section 995. Section 995, therefore, appears to be the proper procedural vehicle to test the sufficiency of the indictment. The People argue that section 995's scope is limited to a review of the sufficiency of the pleadings based on the record before the grand jury, and that evidence outside that record is not to be considered. Accordingly, they argue, section 995 cannot be used to test the sufficiency of the indictment.

"Although section 995 does not expressly confine its scope to errors present in the preliminary hearing record, it has, with one exception, been uniformly so construed. [Citation.]" (*Currie v. Superior Court* (1991) 230 Cal.App.3d 83, 90 [281 Cal.Rptr. 250], fn. omitted.) ■ "The purpose of a motion to set aside the accusatory pleading under Penal Code section 995 is to review the sufficiency of the indictment or information on the basis of the record made before the grand jury in the one case or the magistrate at the preliminary hearing in the other. A section 995 motion does not contemplate the introduction of evidence at the hearing on the motion. [Citation.]" (*People v. Crudgington* (1979) 88 Cal.App.3d 295, 299 [151 Cal.Rptr. 737].)

■ Here, no evidence needed to be introduced; that had already happened at the hearing on the section 1538.5 motion. The court needed only to review the sufficiency of the indictment in light of its earlier ruling on the suppression motion. Under these circumstances we see no compelling reason, and the People do not provide one, why the review of the sufficiency of the indictment for probable cause cannot include consideration of the court's ruling on the suppression motion.

Sherwin and the Beebes had brought prior motions under section 995 to dismiss that were denied. ■ "Ordinarily, a motion under section 995 should not be renewed unless changed circumstances are shown which have a significant bearing on the question whether a defendant was indicted or committed without probable cause. (Cf. Code Civ. Proc., § 1008.) Such circumstances might exist, for example, if there were a substantial change in the law between the time of the first and second motions, which made inadmissible much of the testimony considered by the grand jury or magistrate." (*In re Kowalski* (1971) 21 Cal.App.3d 67, 70 [98 Cal.Rptr. 444].) ■ Here, the ruling suppressing much of the evidence presented to the grand jury was a sufficient change in circumstances to warrant renewal of the motions under section 995.

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Raye, J., concurred.

---

*See footnote, *ante*, page 1404.