Filed 3/22/24  P. v. Lash CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DASHEID KEYONTAE LASH,<br><br>        Defendant and Appellant. | A167156<br><br>(Contra Costa County Super. Ct. No. 05001722768) |

Defendant Dasheid Keyontae Lash appeals the summary denial of his Penal Code[1] section 1172.6 petition to vacate his attempted murder conviction.  We agree with Lash that the trial court erred by determining his eligibility for relief based on the information filed in December 2017, rather than the amended information filed in May 2019 charging Lash with attempted murder.  We shall reverse the order and remand for further proceedings.

---

[1] All further statutory references are to the Penal Code.

1

## BACKGROUND

On December 22, 2017, the People filed an information against multiple defendants, including Lash and his brother, and charged Lash with one count of conspiracy to commit murder (§§ 182, 187; count 1); possession of a machine gun (§ 32625, subd. (a); count 6); conspiracy to commit pimping (§§ 182, subd. (a)(1), 266h; count 8); and street terrorism (§ 186.22, subd. (a); count 9). The information also alleged that the crimes were committed for the benefit of a criminal street gang. (§ 186.22, subd. (b).)

The information was later amended on May 1, 2019 (the amended information), to add one count of attempted murder (§§ 664/187, subd. (a); count 12) with an allegation that the crime was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)). The same day, Lash pleaded no contest to attempted murder (count 12) and to possession of a machine gun (count 6). Lash also admitted the gang enhancement as to count 12. The remaining charges were dismissed. A minute order was entered for the hearing at which the information was amended and the plea entered. We have no transcript of the hearing, however, so the factual basis for the plea is not reflected in the record. The court sentenced Lash to the stipulated term of 12 years, eight months in prison.

In July 2022, Lash filed a pro se petition for resentencing pursuant to former section 1170.95 (current section 1172.6, renumbered by Stats. 2022, ch. 58, § 10, eff. June 30, 2022).

The court appointed counsel for Lash. After a hearing, the court denied his petition at the prima facie stage. The court found that Lash had not established a prima facie case "because the charge was a conspiracy to commit murder, which requires a specific intent to commit murder, [and] a prima facie case is not made out, even though [Lash] eventually pled to the attempted murder."[2] Lash timely appealed.

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (Reg. Sess. 2017–2018) amended the felony murder rule and the natural and probable consequences doctrine as it relates to murder, " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*); Stats. 2018, ch. 1015,

---

[2] Below, Lash filed a joinder in his brother's section 1172.6 petition, which was decided prior to Lash's petition. Lash's brother, Darnell Keyon Lash, like Lash himself, was charged with conspiracy to commit murder in the 2017 information and pleaded no contest to an attempted murder charge after the information was amended in 2019. That stipulated sentence in that case was 12 years in prison. The trial court stated at the hearing on Lash's petition that it was adopting its decision from Lash's brother's petition. As respondent acknowledges, a separate panel of this Division reversed the court's order in Lash's brother's case, finding that the trial court erred in determining eligibility for relief based on the information filed in 2017 rather than the amended information. (*People v. Lash* (July 17, 2023, A166708) [nonpub. opn.].)

§ 1, subd. (f).)  The bill also established a procedure under former section 1170.95, now section 1172.6, for eligible defendants to petition for resentencing.  (*Lewis*, at p. 959.) Effective January 1, 2022, the Legislature enacted Senate Bill No. 775 (Reg. Sess. 2021–2022) to clarify "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder [or] the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories."  (Stats. 2021, ch. 551, § 1, subd. (a).)

A person convicted of attempted murder under the natural and probable consequences doctrine may file a petition to have the conviction vacated and to be resentenced when the following conditions apply:  "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of . . . attempted murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of . . . attempted murder . . . following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of . . . attempted murder. [¶] (3) The petitioner could not presently be convicted of . . . attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)  The statute provides for appointment of

4

counsel upon receipt of a proper petition[3], if so requested, and initial briefing. (§ 1172.6, subds. (b)–(c).) The trial court must then hold a hearing to determine whether the petitioner has established a prima facie case for relief. (§ 1172.6, subd. (c).)

The prima facie inquiry is "limited." (*Lewis, supra,* 11 Cal.5th at p. 971.) The court must accept the petitioner's allegations as true and "should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 974.) "If the petition and record in the case establish conclusively that the [petitioner] is ineligible for relief, the trial court may dismiss the petition" as a matter of law. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) But if the court determines there is a prima facie showing, it must issue an order to show cause and hold a hearing to determine whether to vacate the attempted murder conviction. (§ 1172.6, subds. (c), (d)(1).)

We review de novo whether the trial court properly denied the section 1172.6 petition without issuing an order to show cause. (*People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

Lash contends that the trial court erred by relying on the 2017 information to determine his eligibility for relief for

---

[3] "The petition shall include all of the following: [¶] (A) A declaration by the petitioner that the petitioner is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1172.6, subd. (b)(1)(A)–(C).)

5

various reasons, and he specifically argues in his reply brief that the operative charging document is the amended information. Respondent disagrees, arguing that the 2017 information would have been automatically reinstated had the parties withdrawn from, or had the court rejected, the plea, and Lash's plea was not "in lieu of a trial" for attempted murder because the only trial he avoided was that on the 2017 information. We agree with Lash and find respondent's reliance on the 2017 information to be unpersuasive.[4]

Even accepting that the information was amended in connection with the negotiated plea agreement, the amended information remains the operative charging document for purposes of resolving the section 1172.6 petition. "An amended accusatory pleading . . . supersedes the original pleading, which has no further effect." (*Garcia v. Superior Court* (2020) 47 Cal.App.5th 631, 647; *People v. Scott* (2013) 221 Cal.App.4th 525, 533 ["when a pleading is amended, the original pleading is thereby set aside and abandoned"]; *People v. Mack* (1961) 197 Cal.App.2d 574, 578 [" ' "an amendatory pleading supersedes the original one, which ceases to perform any function as a pleading" ' "]; 4 Witkin, Cal. Crim. Law (4th ed. 2023) Pretrial, § 243, subd. (6).) Here, the 2017 information was amended to add a charge of attempted murder. At that

---

[4] Given our disposition, we do not address the additional arguments Lash raises in this appeal.

point, the amended information was the operative pleading, and it included the attempted murder charge.

Respondent asserts that Lash never faced trial for attempted murder because that charge was only added with his acquiescence to effectuate the plea agreement. Citing *People v. Superior Court* (*Garcia*) (1982) 131 Cal.App.3d 256, and *People v. Stamps* (2020) 9 Cal.5th 685, respondent argues that, had the parties withdrawn from that agreement or had the court not approved it, the 2017 information would be automatically reinstated. We disagree.

In *Garcia*, *supra*, 131 Cal.App.3d at page 258, the defendant entered a negotiated guilty plea to first degree murder. But for the bargain, the prosecutor would have alleged special circumstances, and the defendant pleaded guilty to avoid the death penalty. (*Id.* at pp. 257–258.) After the judgment of conviction was reversed, the defendant withdrew his guilty plea, the prosecutor filed an amended information alleging special circumstances, and the defendant successfully moved to strike the new allegations. (*Id.* at p. 258.) The appellate court reversed the order striking the amended allegations. It explained, "Familiar and basic principles of law reinforced by simple justice require that when an accused withdraws his guilty plea the status quo ante must be restored. When a plea agreement has been rescinded the parties are placed by the law in the position each had before the contract was entered into. [Citation.] Here defendant

7

agreed to plead guilty to murder in order to obtain a reciprocal benefit: the forbearance of the prosecutor in not amending the information to seek the death penalty.  When a defendant withdraws his plea, the prosecutor is no longer bound; counts dismissed may be restored." (*Id.* at pp. 258–259.)  In *People v. Stamps*, *supra*, 9 Cal.5th at pp. 706–707, the court confirmed that when a plea is withdrawn, the court cannot " ' " 'proceed to apply and enforce certain parts of the plea bargain, while ignoring' others.  [Citation.]  Instead, the court must restore the parties to the status quo ante." ' "  In both cases, either counsel or the court, on its own motion, took some affirmative action after the plea was withdrawn; the reinstatement of the original charges did not happen automatically upon withdrawal of the plea.

Here, had the no contest plea been withdrawn or disapproved by the court, restoring the parties to the "status quo ante" would require undoing Lash's assent to the amendment.  Lash would then have been free to challenge the amendment with a section 995 motion.  (§ 995, subd. (a)(2)(B) [information shall be set aside if defendant has been committed without reasonable or probable cause]; *People v. Sherwin* (2000) 82 Cal.App.4th 1404, 1411 [purpose of a section 995 motion to set aside accusatory pleading is to review sufficiency of information based upon preliminary hearing record].)  Likewise, as noted *ante*, the prosecution could elect to proceed with the amended information, or it could move to

8

amend to restore the dismissed counts and/or to add any additional counts otherwise permissible under section 1009.[5] Respondent cites no authority for an exception to the general rule that an amended information supersedes the original pleading, which has no further effect (*Garcia v. Superior Court*, *supra*, 47 Cal.App.5th at p. 647). Accordingly, we do not agree that the 2017 information would automatically have been reinstated and the amended information stricken upon withdrawal of the plea agreement.

Applying section 1172.6, subdivision (a) to the amended information, we conclude that Lash's petition, on its face, establishes a prima facie showing of his eligibility for relief: The generic charge of attempted murder permitted the prosecution to proceed under the natural and probable consequences theory.[6] (§ 1172.6, subd. (a)(1); see *People v. Das* (2023) 96 Cal.App.5th 954, 958, 962–964 [prima facie case established where prosecution could have pursued attempted murder on a theory of aiding and abetting a gang assault, the natural and probable consequence of which was attempted

---

[5] Under section 1009, after a defendant has entered a plea, an information may be amended to add an offense so long as it is one "shown by the evidence taken at the preliminary examination."

[6] Aside from respondent's argument that 2017 information is the operative charging document and establishes Lash's ineligibility as a matter of law (an argument we have rejected), respondent does not otherwise contend that the record of conviction demonstrates Lash's ineligibility for relief as a matter of law.

murder committed by a codefendant].)  Lash accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder.  (§ 1172.6, subd. (a)(2).)  And Lash's petition includes a sufficient averment that he could not presently be convicted of attempted murder because of changes to section 188 or 189 made effective January 1, 2019, as the trial court recognized.[7]  (§ 1172.6, subd. (a)(3).)

As Lash met the " 'very low' " prima facie bar (*Lewis*, *supra*, 11 Cal.5th at p. 972), the trial court must issue an order to show cause (§ 1172.6, subd. (c)) and hold an evidentiary hearing to determine whether Lash is entitled to relief. (§ 1172.6, subd. (d).)  On remand, with the benefit of a more complete record, the trial court will be able to determine whether Lash's plea necessarily establishes that he is guilty of attempted murder based on his aiding and abetting of the attempted murder, rather than his aiding and abetting of a

---

[7] Lash filed a pro se petition averring generally that Senate Bill No. 1437 (Reg. Sess. 2017–2018) and Senate Bill No. 775 (Reg. Sess. 2021–2022) applied to his conviction and afforded him relief.  He also filed a joinder in his brother's form petition that complied with the requirements of section 1172.6, subdivision (b), including the requirement of a declaration that petitioner is eligible for relief under that section, based on all the requirements of section 1172.6, subdivision (a).  (§ 1172.6, subd. (b)(1)(A).)  The trial court's appointment of counsel for Lash shows that it concluded that his petition contained all the information required under section 1172.6.  (§ 1172.6, subds. (b)(1)(A)–(C), (3).)

10

target crime for which the attempted murder was a natural and probable consequence.

## DISPOSITION

The order summarily dismissing Lash's petition for resentencing under section 1172.6 is reversed.

BROWN, P. J.

WE CONCUR:

STREETER, J.
SMILEY, J.*

*People v. Lash* (A167156)

---

* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.